# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

KENDRICK SAMUELS,

      Plaintiff,

v.

LECKLITER LOGISTICS INC., and
SCOTT LECKLITER, individually, and as an
agent, employee and/or Servant of Leckliter
Logistics, Inc.

      Defendants.

Civil Action No.:1-23-cv-00028-TRM-CHS

District Court Judge Travis R. McDonough
Magistrate Judge Christopher H. Steger

JURY DEMANDED

---

## FIRST AMENDED COMPLAINT

---

COMES NOW the Plaintiff, by and through the undersigned attorneys of record, and for the cause of action against the Defendants would respectfully state as follows:

### PARTIES

1. Plaintiff Kendrick Samuels is an adult resident of Arapahoe County, Colorado.

2. Defendant Leckliter Logistics Inc., ("Defendant Leckliter Logistics") is a foreign company that is not licensed or registered to do business in the State of Tennessee. Defendant Leckliter Logistics' principal place of business is located at 331 Stony Look, McGregor, Iowa 52157. Defendant Leckliter Logistics' registered agent for service of process is United States Corporation Agents, Inc, 4200 University Blvd, Suite 426, West Des Moines, IA, 50266. Upon information and belief, Defendant Leckliter Logistics operates a transportation company through the use of employees, agents and/or contractors who perform transportation services within the

1

course and scope of their employment, apparent authority, agency, or contract to act for the company.

3.     Defendant Scott Leckliter is an adult resident of Clayton County, Iowa, residing therein at 331 Stony Loop, McGregor, Iowa 52157. At all times material hereto, Defendant Scott Leckliter was employed by and acting in the course and scope of his employment and/or agency with Defendant Leckliter Logistics.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to Plaintiff exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendant.

5.     Venue is proper in this district pursuant to 28 U.S.C § 1391, because a substantial part of the events and omissions giving rise to Plaintiff's cause of action occurred in this district.

6.     This Complaint was filed within the applicable statute of limitations.

7.     Defendant Leckliter Logistics was properly served with process.

8.     Defendant Scott Leckliter was properly served with process.

## DEFINITIONS

9.     Whenever the term "Defendants" is utilized in this lawsuit, the term collectively refers to and includes all named Defendants in this lawsuit.

## NATURE OF DEFENDANTS' LIABILITY

10.     Defendant Leckliter Logistics is liable for each and every negligent act and omission committed by its employees and/or agents, including Defendant Scott Leckliter, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-

2

servant relations, loaned servant relations, joint venture, joint and several liability, respondeat superior, vicarious liability, and contract, and as a result of its non-delegable duty to comply with both state and federal regulatory schemes.

11.     Agency: At all times material to this lawsuit, Defendant Scott Leckliter acted as an agent of Defendant Leckliter Logistics, and Defendant Leckliter Logistics ratified or authorized the acts or omissions of Defendant Scott Leckliter.

12.     Joint Enterprise: The Defendants operated their transportation business as a joint enterprise. The Defendants engaged in a joint venture and acted in concert in the operation and management of the business. The Defendants entered into an agreement with the common purpose of operating and managing the business and had an equal right to control their venture as a whole, as well as to control the operation and management of the business.

## FACTUAL ALLEGATIONS

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

13.     This cause of action arises from a collision between a semi-truck owned by Load to Ride Transport Inc., and operated by Plaintiff Kendrick Samuels, and a semi-truck owned by Defendant Leckliter Logistic or Defendant Scott Leckliter, or both, and operated by Defendant Scott Leckliter in the course and scope of his employment and/or agency with Defendant Leckliter Logistics, and in furtherance of the business of Defendant Leckliter Logistics. The collision occurred on December 9, 2021, on Interstate 75 ("I-75") in Hamilton County, Tennessee.

14.     On December 9, 2021, at approximately 4:02 p.m., Plaintiff Kendrick Samuels was traveling in the second lane from the right on northbound I-75 to take Exit 2 on I-75.

3

15.     At that same time and place, Defendant Scott Leckliter was traveling in the third lane from the right on northbound I-75 and attempted to make a lane change to his right before it was safe to do so and struck Plaintiff's vehicle.

16.     As a direct and proximate result of the collision, Plaintiff sustained injuries that required medical attention.

17.     At the time of the collision, Defendant Scott Leckliter was required to pay attention to the road and to other vehicles at all times.

18.     At the time of the collision, Defendant Scott Leckliter was required to operate his vehicle with the degree of care required of a reasonable and prudent person under similar circumstances.

19.     At the time of the collision, Plaintiff Kendrick Samuels was operating his vehicle in a lawful, prudent, and cautious manner and was in no way negligent.

## LIABILITY

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

## Count I - Negligence

20.     Defendant Scott Leckliter owed a duty to Plaintiff to act reasonably under the circumstances that existed at the time of the collision.

21.     Defendant Scott Leckliter breached this common law duty of care in each of, but not limited to, the following ways, each of which was a direct and proximate cause of the collision and injuries described herein:

> a.  Failure to operate his vehicle with the degree of care and caution required of a reasonable and prudent person under similar circumstances;

4

b. Failure to maintain the vehicle he was operating under due and reasonable control;

c. Failure to maintain a due and proper lookout in the direction he was driving;

d. Failure to exercise care for the safety of other drivers;

e. Failure to devote full time and attention to the operation of a motor vehicle; and

f. Failure to pay attention to the road and to other vehicles at all times.

22. Defendant Scott Leckliter was guilty of violating the following statutes of the State of Tennessee, each of which was in full force and effect at the time of the collision, the violations constituting negligence per se, and each of which was a direct and proximate cause of the collision and injuries described herein:

a. T.C.A. Section 55-8-103    <u>Required obedience to traffic laws - Penalty;</u>

b. T.C.A. Section 55-8-123    <u>Driving on roadways laned for traffic;</u>

c. T.C.A. Section 55-8-136    <u>Drivers to exercise due care;</u> and

d. T.C.A. Section 55-8-197    <u>Failure to yield right of way.</u>

23. Upon information and belief, Defendant Leckliter Logistics was the owner of the vehicle driven by Defendant Scott Leckliter at the time of the incident described herein. Accordingly, and pursuant to Tenn. Code. Ann. § 55-10-311, the vehicle was being operated by Defendant Scott Leckliter with the authority, consent, and knowledge of the owner, Defendant Leckliter Logistics, and for the use and benefit of the owner, Defendant Leckliter Logistics. Therefore, the negligence of Defendant Scott Leckliter is imputed to Defendant Leckliter Logistics, and Defendant Leckliter Logistics is jointly and severally liable for all of Plaintiff's injuries and damages caused by Defendant Scott Leckliter.

24. Upon information and belief, the vehicle that was operated by Defendant Scott

5

Leckliter at the time of the collision described herein was registered to Defendant Leckliter Logistics. Accordingly, and pursuant to Tenn. Code. Ann. § 55-10-312, such registration is prima facie proof of ownership of the vehicle and that the vehicle was being operated for the use and benefit of Defendant Leckliter Logistics. Therefore, the negligence of Defendant Scott Leckliter is imputed to Defendant Leckliter Logistics, and Defendant Leckliter Logistics is jointly and severally liable for all of Plaintiff's injuries and damages caused by Defendant Scott Leckliter.

### Count II – Vicarious Liability

25.     Defendant Leckliter Logistics is liable for each and every negligent act and omission committed by its employees and/or agents, including Defendant Scott Leckliter, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master-servant relations, loaned servant relations, joint venture, joint and several liability, respondeat superior, vicarious liability, and contract, and as applicable, state and federal regulatory schemes.

### DAMAGES

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

26.     As a direct and proximate result of Defendant Scott Leckliter's negligence, which is imputed to Defendant Leckliter Logistics, as alleged herein, Plaintiff Kendrick Samuels sustained injuries and damages which would otherwise not have occurred.

27.     As a direct and proximate result of the negligent acts and omissions of Defendant Scott Leckliter described herein, which are imputed to Defendant Leckliter Logistics as alleged herein, Plaintiff Kendrick Samuels was injured and damaged. The injuries and damages for which he seeks compensation from Defendants include, but are not limited to:

6

a. physical pain and emotional suffering;

b. medical bills and expenses;

c. loss of earning capacity;

d. loss of enjoyment of life;

e. permanent disfigurement;

f. permanent impairment;

g. post-judgment interest;

h. statutory and discretionary costs; and

i. all such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiff incorporates by reference as if fully set forth verbatim each and every allegation in the Complaint.

28. WHEREFORE, PREMISES CONSIDERED, Plaintiff Kendrick Samuels sues the Defendants for his personal injuries and prays for a judgment against the Defendants for compensatory damages in a fair and reasonable amount to be determined by a jury, and that exceeds Seventy-Five Thousand Dollars ($75,000.00), and for all such further relief, both general and specific, to which he may be entitled under the premises.

29. A JURY IS RESPECTFULLY DEMANDED.

7

Respectfully submitted,

BAILEY & GREER, PLLC

/s/Josh Cannon
Thomas R. Greer (#24452)
Josh Cannon (#35073)
Bailey & Greer, PLLC
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580

And

Rebecca Lachat Bilello
*Admitted Pro Hac Vice*
Galperin & Associates
3773 Cherry Creek North Drive
Suite 701 E
Denver, CO 80209
P: 720-501-3451
F: 720-533-6222

## CERTIFICATE OF SERVICE

I hereby certify that on May **8th** 2023, I electronically filed the above and foregoing with the Clerk of Court using the ECF system which sent notification of this filing to all counsel of record

/s/Josh Cannon
Josh Cannon (#35073)

8